B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Gerald H. Davis, Chapter 7 Trustee | DEFENDANTS PERIN PARABIA |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) SULLIVAN HILL REZ & ENGEL, A PLC James P. Hill, SBN 90478 / Gary B. Rudolph, SBN 101921 600 B Street, Suite 1700 San Diego, CA  92101   (Phone No. (619) 233-4100) | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☑ Trustee | ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
FOR AVOIDANCE AND RECOVERY OF INSIDER PREFERENTIAL TRANSFERS

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 - Recovery of money/property - § 542 turnover of property
☑ 12 - Recovery of money/property - § 547 preference
☐ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 - Injunctive relief - reinstatement of stay
☑ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $   157,747.00 |

Other Relief Sought

B1040

B1040 (Page 2) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Sam F. Parabia | | BANKRUPTCY CASE NO.<br>19-02166-LT7 |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of California | DIVISIONAL OFFICE<br>San Diego | NAME OF JUDGE<br>Hon. Laura S. Taylor |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| /s/ Kathleen A. Cashman-Kramer | |
| DATE<br>March 2, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kathleen A. Cashman-Kramer |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B1040

1

2

3

4  SULLIVAN HILL REZ & ENGEL                    **Electronically Filed: 03/04/2020**
   A Professional Law Corporation
5    James P. Hill, SBN 90478
     Gary B. Rudolph, SBN 101921
6    Kathleen A. Cashman-Kramer, SBN 128861
   600 B Street, Suite 1700
7  San Diego, California 92101
   Telephone: (619) 233-4100
8  Fax Number: (619) 231-4372

9  Attorneys for Plaintiff, Gerald H. Davis, Chapter 7 Trustee

10                    **UNITED STATES BANKRUPTCY COURT**

11                    **SOUTHERN DISTRICT OF CALIFORNIA**

12
   In re                                    ) CASE NO. 19-02166-LT7
13                                           )
   SAM F. PARABIA,                           ) Chapter 7
14                                           )
                        Debtor.              ) Adv. Pro. No.
15  _____         )
                                             ) **COMPLAINT FOR AVOIDANCE**
16  GERALD H. DAVIS, Chapter 7               ) **AND RECOVERY OF INSIDER**
   Trustee                                   ) **PREFERENTIAL TRANSFERS**
17                                           )
                        Plaintiff,           )
18  v.                                       )
                                             )
19  PERIN PARABIA,                           )
                                             ) Dept.:3
20                      Defendant.           )     Hon. Laura S. Taylor
   _____          )
21

22        Comes now Plaintiff Gerald H. Davis ("Plaintiff" or "Trustee"), the Chapter 7

23  Trustee of the bankruptcy estate ("Estate") of Sam F. Parabia ("Debtor"), and alleges

24  as follows:

25                                      **I.**

26                                   **PARTIES**

27        1.     On April 17, 2019 ("Petition Date"), the Debtor filed a voluntary petition

28  for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy

1  Code")[1] in the U.S. Bankruptcy Court for the Southern District of California

2  ("Court"), initiating the Chapter 11 case entitled In re Sam F. Parabia, Case No. 19-

3  02166-LT7 ("Bankruptcy Case").  Plaintiff was appointed Chapter 7 Trustee of the

4  Estate.

5      2.      Plaintiff is informed and believes and thereon alleges that defendant

6  Perin Parabia ("Perin[2]"), is an individual with her usual residence in San Diego in the

7  state of California.  Plaintiff also alleges that Perin is the sister of the Debtor in this

8  case.

9                              **II.**

10                         **JURISDICTION**

11      3.      This Court has jurisdiction over the parties and subject matter of this

12  proceeding pursuant to 28 U.S.C. §§ 157 and 1334, as well as General Order 312-E of

13  the U.S. District Court for the Southern District of California. This action is

14  commenced pursuant to 11 U. S. C. Sections 502(d), 547 and 550, and Rules 3007,

15  3012 and 7001(1) of the Federal Rules of Bankruptcy Procedure.

16      4.      This Court may hear and determine this proceeding and enter appropriate

17  orders and judgments pursuant to 28 U.S.C. § 157(b)(1) and (2). This proceeding

18  relates to the underlying Bankruptcy Case and is a core proceeding as set forth in 28

19  U.S.C. §§ 157(b)(1) and (2)(A), (E), (F), and (O) in that it seeks to avoid and recover

20  preferential transfers under Sections 547, 550, and 551, which affect the

21  administration and liquidation of assets of the Estate.

22      5.      Pursuant to Rule 7008, Plaintiff hereby consents to the entry of final

23  orders or judgment by the Court.  Additionally, pursuant to Local Bankruptcy Rule

24  7008-1, if the Court determines this proceeding is a core proceeding, Plaintiff hereby

25  
26  [1] Unless otherwise indicated, all "Chapter" and "Section" references are to the Bankruptcy Code and all "Rule"
   references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

27  
28  [2] Since the defendant and the Debtor each share the same last name, for purposes of this Complaint Plaintiff will refer to
   each of them by their first name for ease of reference.  No disrespect is intended by this use of the familiar.

consents to the entry of final orders or judgment by the Court.

## FACTS APPLICABLE TO ALL CLAIMS

6.     The Debtor testified at one or more section 341(a) meetings of creditors conducted in May, June and July 2019 that in October 2018, he and his sister, Perin, jointly owned a property located in Las Vegas with an address of 2600 West Harmon Avenue, #41024, Las Vegas, NV 89109 (the "Vegas Property").

7.     The Vegas Property was sold in October 2019, and the proceeds of the sale, payable jointly to Sam and to Perin, totaled $257,126.86. A true and correct copy of the closing statement is attached hereto as Exhibit "1."

8.     Sam testified under oath that Perin received all of the proceeds of the sale at the time the sale closed because it was repayment to her of a loan she made to him. Thereafter, on July 29, 2019 the Debtor filed an amended statement of financial affairs (ECF #65) where he stated, in paragraph 7, that he paid Perin $154,747.00 in repayment of a loan.

9.     The Debtor also testified at these meetings that his sister was a partner in many of his businesses over the years, and that she made numerous loans to him over the years for purposes of operating those businesses. Plaintiff is informed and believes, and thereon alleges, that some of these entities include but are not limited to: Nordahl Nine Diamonds LLC, Solana Beach Nine Diamonds LLC, Nine Diamonds Management, Inc., and Parabia LLC.

## FIRST CLAIM FOR RELIEF

(Avoidance of Insider Preferential Transfers – 11 U.S.C. § 547)

10.     Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 9, inclusive, as though fully set forth herein.

11.     Plaintiff is informed and believes and thereon alleges that, during the one year period preceding the filing of the petition in this case by the Debtor, the Debtor made, or caused to be made, a transfer of funds in which he had an interest to Perin totaling at least $154,747.00, from the sale of the Las Vegas Property.

1    12.    At all times relevant hereto, under 11 U.S.C. section 101(31)(A)(i) Perin

2    was an insider vis-à-vis Sam as they are brother and sister.

3    13.    Plaintiff is informed and believes and thereon alleges that within one (1)

4    year of the bankruptcy filing the Debtor caused funds to be diverted away from him

5    and to Perin, or for her direct benefit, at least the sum of $154,747.00, subject to proof

6    at trial.  Pursuant to 11 U.S.C. Section 547, Plaintiff is informed and believes and

7    thereon alleges that the payments made to Defendant Perin were made for or on

8    account of an antecedent debt owed by the Debtor before such Transfers were made,

9    while the Debtor was insolvent, and enabled the Defendant Perin to receive more than

10    she would in this Chapter 7 and (i) the payments had not been made and (ii) the

11    Defendant Perin received payment of such debt to the extent provided by the

12    provisions of the Bankruptcy Code.

13    14.    Plaintiff is informed and believes and thereon alleges that other payments

14    or transfers of funds by the Debtor and/or third parties may have been made to

15    Defendant Perin on or within the one-year period immediately preceding the Petition

16    Date.  Such payments or transfers are unknown to Plaintiff at this time and Plaintiff

17    will amend his complaint to reflect such transfers at such time as the information

18    becomes available to him.

19    15.    Pursuant to Sections 547 and 550, Plaintiff may avoid the transfers of

20    payments alleged in paragraph 8 above, and recover from Defendant Perin, for the

21    benefit of the estate, the property transferred or its value, from the initial transferee of

22    such transfer or the entity for whose benefit such transfer was made or any immediate

23    or mediate transferee of such initial transferee.

### SECOND CLAIM FOR RELIEF

24

25    **(Avoidance of Fraudulent Transfers – 11 U.S.C. §§ 548(a)(1)(A) and 550)**

26    16.    Plaintiff alleges and incorporates by reference paragraphs 1 through 15 of

27    this complaint, inclusive, as though fully set forth herein.

28    / / /

409277-v1                                         - 4 -

17.     The payments and/or transfers to or for the benefit of Defendant Perin were made with the actual intent to hinder, delay, or defraud an entity to which the Debtor was or became indebted on or after the date such payments or obligation incurred.

18.     Pursuant to Section 550, Plaintiff may avoid the payments alleged in paragraphs 7 and 8 above, and recover from Defendant Perin, for the benefit of the estate, the property or its value transferred from the initial transferee of such transfers or the entity for whose benefit such transfers were made, or any immediate or mediate transferee of such initial transferee, in an amount which is believed to be $157,747.00.

19.     Plaintiff alleges on information and belief that the Plaintiff is entitled to recover all monies paid by the Debtor to Defendant Perin as set forth herein.

## PRAYER

WHEREFORE, Plaintiff respectfully requests the entry of judgment as follows:

1.     Under the First Claim for Relief:

   a.  For determination that the transfers may be avoided and for recovery from Defendant Perin, or any immediate or mediate transferee of Defendant Perin, of property, or the value of such property in the approximate amount of $157,747.00, subject to proof at trial together with interest as allowed by law from the date of each transfer.

   b.  For such other and further relief and fees and cots as this Court may deem necessary and proper.

2.     Under the Second Claim for Relief:

   a.  For determination that the transfers may be avoided and for recovery from Defendant Perin, or any immediate or mediate transferee of Defendant Perin, of property, or the value of such property in the approximate amount of $157,747.00 subject to proof at trial together with interest as allowed by law from the date of each transfer.

/ / /

409277-v1                                        - 5 -

1          b.  For such other and further relief as this Court may deem just and proper.

2

3  Dated: March 3, 2020                  SULLIVAN HILL REZ & ENGEL
                                       A Professional Law Corporation

4

5                              By:   */s/ Kathleen A. Cashman-Kramer*
                                      James P. Hill

6                                      Gary B. Rudolph

7                                      Kathleen A. Cashman-Kramer

8                                      Attorneys for Plaintiff, Gerald H.
                                      Davis, Chapter 7 Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

409277-v1                            - 6 -



Exhibit 1 Page 7

| American Land Title Association | ALTA Settlement Statement - Seller |
|---|---|
| | Adopted 05-01-2015 |

| | | |
|---|---|---|
| File No.: 13896-2552520 | First American Title Insurance Company | |
| Printed: 10/04/2018, 1:33 PM | 10000 W. Charleston Blvd, Suite 180 ● Las Vegas, NV 89135 | FIRST AMERICAN |
| Officer/Escrow Officer: Rayna Peterson/RP | Phone: (702)254-8286  Fax: | |
| Settlement Location: | Estimated Settlement Statement | |
| 10000 W. Charleston Blvd, Suite 180, Las Vegas, NV 89135 | | |

Property Address: 2600 West Harmon Avenue #41024, Las Vegas, NV 89103
Buyer: Tariq & Tehmina Josral Living Trust dated June 14th, 2006
Seller: Sam F. Parabia; Perin F. Parabia
Lender:
Settlement Date: 10/09/2018
Disbursement Date:

| | Seller | |
|---|---|---|
| Description | Debit | Credit |
| **Financial** | | |
| Sale Price | | 750,000.00 |
| | | |
| **Prorations/Adjustments** | | |
| Association Dues 10/09/18 to 12/01/18 @$1,304.77/mo | | 2,272.83 |
| County Taxes 10/09/18 to 01/01/19 @$924.40/qtr | | 850.95 |
| | | |
| **Title Charges & Escrow / Settlement Charges** | | |
| Eagle Policy-O to First American Title Insurance Company | 2,550.00 | |
| Escrow Fee - General to First American Title Insurance Company | 550.00 | |
| | | |
| **Commission** | | |
| Real Estate Commission to Elite Realty | 22,500.00 | |
| Real Estate Commission to Savi Realty LLC | 18,750.00 | |
| | | |
| **Government Recording and Transfer Charges** | | |
| Real Property Transfer Tax-County to Clark County Recorder | 3,825.00 | |
| | | |
| **Payoff(s) and Payment(s)** | | |
| Select Portfolio Servicing, Inc. | | |
| Principal Balance to Select Portfolio Servicing, Inc. | 427,734.53 | |
| NSF Charges Outstanding to Select Portfolio Servicing, Inc. | 25.00 | |
| Late Charges Outstanding to Select Portfolio Servicing, Inc. | 167.62 | |
| Interest thru 10/12/18 @ $ 58.47/day to Select Portfolio Servicing, Inc. | 2,483.87 | |
| Other Fees and Costs Outstanding to Select Portfolio Servicing, Inc. | 30.00 | |
| Loan level advance balance to Select Portfolio Servicing, Inc. | 104.00 | |
| Interest on Advances to Select Portfolio Servicing, Inc. | 8.45 | |
| Release Preparation Fees to Select Portfolio Servicing, Inc. | 25.00 | |
| Unapplied Funds to Select Portfolio Servicing, Inc. | | 89.46 |
| | | |

Copyright 2015 American Land Title Association.
All rights reserved

Page 1 of 2

File # 13896-2552520
Printed on 10/04/2018 at 1:33 PM

Exhibit 1 Page 8

| Description | Seller Debit | Seller Credit |
|---|---|---|
| Miscellaneous | | |
| Outstanding Dues to Vdara Hotel & Spa | 17,332.91 | |
| | | |
| Subtotals | 496,086.38 | 753,213.24 |
| Due To Seller | 257,126.86 | |
| Totals | 753,213.24 | 753,213.24 |

Our wire instructions do not change. If you receive an email or other communication that appears to be from us and contains revised wiring instructions, you should consider it suspect and you must call our office at an independently verified phone number. Do not inquire with the sender.

Acknowledgement

We/I have carefully reviewed the Estimated ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements to be made on my account or by me in this transaction and further certify that I have received a copy of the Estimated ALTA Settlement Statement. This Estimated Settlement Statement is subject to changes, corrections or additions at the time of final computation of Escrow Settlement Statement. We/I authorize First American Title Insurance Company to cause the funds to be disbursed in accordance with the Final ALTA Settlement Statement to be provided to me/us at closing.

Seller(s):

_____
Sam F. Parabia

_____
Perin F. Parabia

Copyright 2015 American Land Title Association.
All rights reserved

File # 13896-2552520
Printed on 10/04/2018 at 1:33 PM

Exhibit 1 Page 9